UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERIN A. HUNTER (#111799)**                                    CIVIL ACTION

**VERSUS**

**HAROLD STERLING, ET AL.**                                     NO. 08-0835-JVP-DLD

### O R D E R

This matter comes before the Court on the plaintiff's Motion to Compel Discovery, rec.doc.no. 34.  The plaintiff complains that one defendant, Eric Hinyard, has responded to two (2) interrogatories with a statement that he is "checking his sign-in logs" and will provide the requested information when it is available, and that a second defendant, Patrick Woods, has responded to an interrogatory regarding a search conducted in October or November, 2007, that this information is irrelevant and immaterial to the issues raised in this lawsuit.

Initially, with regard to the response by defendant Hinyard, it appears that the defendant has now had more than sufficient time to obtain and review the referenced sign-in logs.  Accordingly, the plaintiff's motion relative to this defendant shall be granted.

Turning to the plaintiff's assertion relative to defendant Woods, it appears that the information requested by the plaintiff is in fact irrelevant and immaterial to the issues presented in this case.  In his Complaint, the plaintiff complains that on May 11, 2007, defendant Harold Sterling ordered a search conducted of the Legal Aid Office because defendant Sterling was allegedly angry at certain named inmate counsel substitutes for disobeying his orders.  The plaintiff does not allege, however, that he was one of these named inmate counsel substitutes or that he was targeted or disciplined by defendant Sterling's subordinates on the date of the search.  Thereafter, in October or November, 2007, defendant Sterling allegedly ordered a second search, this time of the inmate

counsel's office, which search is the one relevant to the instant motion. The plaintiff asserts that, at this time, he was in fact an inmate counsel substitute and so was directly affected by this search. The plaintiff concedes, however, that although the office was "ramshackled", no disciplinary charges were levied against the plaintiff or other inmate counsel substitutes. Finally, the plaintiff complains of a third search of the Legal Aid Office conducted on January 11, 2008, at which time the plaintiff and other inmate counsels were charged with disciplinary violations. After this third search, the plaintiff began to draft a grievance against defendant Sterling regarding the defendant's harassment of inmate counsel substitutes. The plaintiff asserts that, in retaliation for this grievance, he was thereafter set up and falsely charged with a more serious disciplinary violation and was ultimately sentenced to the working cellblocks, resulting in a loss of his job and of his dormitory housing assignment.

Although the plaintiff seeks information relative to the search allegedly conducted in October or November, 2007, it does not appear that this search is in fact relevant to the issues raised in this proceeding. Specifically, the plaintiff does not allege that this search was undertaken in retaliation for any conduct engaged in by the plaintiff or that he received any disciplinary write-ups as a result thereof. If anything, the plaintiff's allegations relative to this search may be interpreted as alleging no more than mere harassment by defendant Sterling and his subordinates, which harassment is not actionable under § 1983. See, e.g., Calhoun v. Hargrove, 312 F.3d 730 (5th cir. 2002); Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997); Robertson v. Plano City of Texas, 70 F.3d 21 (5th Cir. 1995); McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983). Moreover, even if this search were viewed as retaliatory conduct taken in response to the plaintiff having acting as an inmate counsel substitute, this retaliatory act would be seen as merely de minimis in the absence of any disciplinary write-up or actual punishment. Howell v. Quarterman, 2008 WL 4724486 (S.D. Tex., October 24, 2008) (holding that alleged retaliatory search did not result in an adverse act that was more than de minimis), relying upon Morris v. Powell, 449 F.3d 682, cert. denied, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443

(2006)(disciplinary sentence of a job transfer from the commissary to the kitchen was de minimis and not a sufficiently adverse retaliatory act).  See also Green v. Hamilton, 2007 WL 2815643 (W.D. Tex., Sept. 25, 2007) (alleged retaliatory search was not actionable because not greater than de minimis); Ali v. Jones, 2007 WL 2141381 (S.D. Tex., July 19, 2007)(same). Accordingly, the search conducted on October or November, 2007, is not independently relevant to the plaintiff's claims and, rather, should be seen only as factual background to the plaintiff's more substantial assertions of retaliation commencing in January, 2008.  For this reason, the plaintiff's request for discovery relative to the search conducted in October or November, 2007, is not in fact relevant or material to the his claims, and the motion to compel discovery with respect thereto should be denied. Accordingly,

**IT IS ORDERED** that the plaintiff's motion, rec.doc.no. 34, be and it is hereby **GRANTED IN PART,** such that defendant Eric Hinyard is directed to respond to the plaintiff's discovery within ten (10) days of the date of this Order, and **DENIED IN PART** relative to defendant Patrick Woods.

Signed in Baton Rouge, Louisiana, on November 24, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**