UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIN A. HUNTER (#111799)                         CIVIL ACTION

VERSUS

HAROLD STERLING, ET AL.                      NO. 08-0835-JVP-DLD

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Preserve Evidence, rec.doc.no. 36.  The plaintiff complains that the defendants have in their possession certain evidence, notably (1) handcuff keys (and/or photographs thereof) allegedly discovered on November 11, 2007 and January 25, 2008, (2) documents, reports and security log book entries relative to the alleged events of May 11, 2007 and January 11 and 25, 2008, (3) informal complaints authored by the plaintiff and dated January 14, 2008, (4) photographs taken on May 11, 2007 and January 14, 2008, and (5) correspondence authored by defendant Eric Hinyard relative to a search allegedly conducted on January 11, 2008.

A motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted.  Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc., 1995 WL 783610 (D. Minn., Oct. 20, 1995), citing Humble Oil & Refining Co. v. Harang, 262 F.Supp. 39 (E.D. La. 1966).  In this Circuit, a party must establish a substantial threat of irreparable harm in order to obtain an injunction.  See Sierra Club v. City of San Antonio, 112 F.3d 789 (5th Cir. 1997), cert. denied, 522 U.S. 1089, 118 S.Ct. 879, 139 L.Ed.2d 868 (1998).  The plaintiff has made no such showing.  Instead, he points to the mere "possibility" that the defendants or their agents may intentionally or unintentionally destroy relevant documents or things.  However, all litigants are obligated to take appropriate measures to preserve documents and things which are reasonably

calculated to lead to the discovery of admissible evidence and are likely to be requested during discovery.  See Hester v. Bayer Corp., 206 F.R.D. 683 (M.D. Ala. 2001); Wm. T. Thompson Co. v. General Nutrition Corp., Inc., 593 F.Supp. 1443 (C.D. Cal. 1984).  In addition, attorneys have an affirmative duty to advise their clients of pending litigation and of the requirement that they preserve potentially relevant evidence.  Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68 (S.D. N.Y. 1991).  The plaintiff in this case does not allege, much less prove, that the defendants will flaunt their obligation under the Federal Rules without a preservation order.  "To supplement every complaint with an order requiring compliance with the Rules of Civil Procedure would be a superfluous and wasteful task, and would likely create no more incentive upon the parties than already exists." Hester, supra.

The Court is confident that counsel for the defendants will advise his clients of the requirement that they preserve relevant evidence and will admonish them of the potential dire consequences resulting upon violation of this duty.  In the absence of some proof that evidence may be lost or destroyed without a preservation order, the Court is not inclined to enter such an Order in this case.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Preserve Evidence, rec.doc.no. 36, be and it is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on November 24, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**