UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERIN A. HUNTER (#111799)**                                        **CIVIL ACTION**

**VERSUS**

**HAROLD STERLING, ET AL.**                                         **NO. 08-0835-JVP-DLD**

**O R D E R**

This matter comes before the Court on the plaintiff's Motion to Compel Discovery, rec.doc.no. 27.  This motion is opposed.

The plaintiff complains of the defendants' failure, on grounds of relevancy and materiality, to provide documentary evidence relative to an alleged incident involving the search of a co-inmate on November 11, 2007, and to searches conducted of the Legal Aid Office and the inmate counsels' office in May, 2007 and October or November, 2007, respectively.  In addition, the plaintiff complains that the defendants' response to discovery relative to incidents occurring on January 11 and 25, 2008, is deficient.

Initially, the plaintiff complains of the defendants' failure to provide him with information relative to a search of a co-inmate by defendant Joseph Dufour on November 11, 2007.  The plaintiff asserts that this information, "will establish Defendant Joseph Dufour's propensity of setting inmates up with homemade handcuff keys and filing false reports," and is therefore relevant to the defendant's later search of the plaintiff's property, during which a handcuff key was allegedly found.  See rec.doc.no. 37.  Notwithstanding this contention, the plaintiff has provided nothing to indicate that the search of the co-inmate in November, 2007, was improper or that a handcuff key was not in fact found on that date.  In the prison environment, contraband of various sorts is a fact of life, and searches are conducted by prison officials often and routinely in an effort to control such contraband.  It is entirely possible that defendant Dufour did in fact find a handcuff key during the search of the co-inmate, and in the absence of any information suggesting the contrary, the plaintiff

has not shown that information relative to this search is relevant to this proceeding.  Further, the law is clear that evidence of a defendant's bad prior conduct or bad character (or "propensity" to act improperly) is not ordinarily relevant to proving that such defendant acted badly at a later date.  See Fed.R.Evid. Rule 404.  Accordingly, the Court finds that the plaintiff's motion should be denied with respect to this requested information.

The plaintiff next complains of the defendants' failure to provide him with detailed information regarding searches conducted of the Legal Aid Office and the inmate counsels' office in May, 2007 and October or November, 2007, respectively.  By Order entered this date, however, the Court has explained that it finds information relative to searches conducted prior to January, 2008, to be irrelevant to this proceeding.  Accordingly, for the reasons stated in the referenced Order, the Court finds that the plaintiff's motion should be denied with respect to this information.

Finally, the plaintiff complains that the defendants have not provided sufficient information in response to his requests for information regarding searches conducted of the Legal Aid Office and of his locker box on January 11 and 25, 2008, respectively.  Whereas the defendants have apparently produced the entirety of the plaintiff's administrative remedy proceedings relative to these incidents, the plaintiff believes that additional information has not been provided.  Inasmuch as the Court has this day entered an Order effectively authorizing the plaintiff to conduct additional discovery in this case, the Court finds that the goal of efficiency will best be served if the plaintiff directs targeted discovery to the defendants seeking the specific information which he believes has been withheld.  Upon the defendants' response to such discovery, the Court will be in a better position to rule on any outstanding discovery disputes.  Therefore, the Court will deny the plaintiff's motion with respect to this information, but will do so without prejudice to the plaintiff's right to pursue a subsequent motion to compel if the defendants do not provide the requested information.  Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Compel Discovery, rec.doc.no. 27, be and it is hereby **DENIED**, without prejudice to the plaintiff's right to pursue a subsequent motion to compel if the defendants do not provide the requested information.

Signed in Baton Rouge, Louisiana, on November, 24, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**