**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ERIN A. HUNTER (#111799)**                                    **CIVIL ACTION**

**VERSUS**

**HAROLD STERLING, ET AL.**                                    **NO. 08-0835-JVP-DLD**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on March 1, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERIN A. HUNTER (#111799)**                                              CIVIL ACTION

**VERSUS**

**HAROLD STERLING, ET AL.**                                              NO. 08-0835-JVP-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 15. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, Dpty Warden Darryl Vannoy, Lt. Harold Sterling, Major Billy Mock, Capt. Patrick Woods, Major Eric Hinyard, Legal Programs Director Trish Foster, Ass't. Warden Tim Delaney, Capt. Juan Conrad, Capt. Paul Smith, Lt. Thomas Cole, Lt. Jordan Bordelon, Cadet Leonard Wilson, and Capt. Joseph Dufour, complaining that his constitutional rights were violated in 2007 and 2008 when he was subjected to retaliation in response to his activities as an inmate counsel substitute.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain,

478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

The plaintiff alleges in his Complaint that on May 11, 2007, defendant Harold Sterling ordered a search of the Legal Aid Office because defendant Sterling was allegedly angry at certain inmate counsel substitutes for disobeying his orders that they stop filing motions in prison disciplinary court. During the search, contraband was discovered in the form of food items, razor blades and medications, and each of the inmate counsels was issued disciplinary charges for contraband and property destruction.[1] The plaintiff does not allege, however, that he was working as an inmate counsel substitute at that time or that he was targeted or disciplined on the date of the search. Thereafter, in October or November, 2007, defendant Sterling allegedly ordered a second search of the inmate counsel's office, which search was conducted by defendant Capt. Patrick Woods. The plaintiff asserts that, at this time, he was working as an inmate counsel substitute and so was directly affected by this search. However, although the inmate counsel's office was "ramshackled", no disciplinary charges were levied against the plaintiff or any other

---

[1] Although the plaintiff complains that the inmate counsel substitutes were ultimately forced by defendant Sterling to plead guilty to the disciplinary violations, upon a threat of losing their jobs, the plaintiff does not have standing to complain of wrongful actions allegedly taken by the defendants against third-party co-inmates. Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986).

inmate counsel substitutes. Finally, the plaintiff complains of a third search, of the Legal Aid Office, conducted on January 11, 2008, this time by defendants Eric Hinyard, Juan Conrad, Paul Smith and Thomas Cole, after which the plaintiff and other inmate counsels were charged with disciplinary violations for possession of contraband. After this third search, the plaintiff began to prepare an informal letter, addressed to defendants Tim Delaney and Trish Foster, wherein he complained of the actions of defendant Sterling in harassing the inmate counsel substitutes. In addition, he and other inmate counsel substitutes met with defendant Delaney on January 14, 2008, in an attempt to resolve the ongoing dispute. Notwithstanding, on January 25, 2008, after the plaintiff sent his letter to defendants Delaney and Foster, he complains that, in retaliation for this informal complaint, his dormitory locker box was searched by defendants Bordelon and Wilson, with defendant Dufour watching. Although the prison logbook allegedly reflects that nothing was found, the plaintiff was later charged with possession of a handcuff key which was purportedly found during the search, resulting in his being falsely charged with a serious disciplinary violation. At subsequent disciplinary board hearings, at which he was allegedly not provided with appropriate due process, he was found guilty and was ultimately sentenced to a maximum security working cellblock, resulting in the loss of his job as an inmate counsel substitute and the loss of his dormitory housing assignment. When the plaintiff thereafter wrote to defendants Vannoy and Cain, complaining of this mistreatment, he received no response from these defendants. In addition, the plaintiff complains that his disciplinary appeal and administrative grievance relative to the foregoing were thereafter wrongly denied or rejected by the defendants.

In response to the plaintiff's allegations, the defendants first contend that the plaintiff is precluded from bringing this action by virtue of the Eleventh Amendment to the United States Constitution, which Amendment prohibits the bringing of a lawsuit in federal court against a state, its agencies or persons acting as official representatives thereof. However, whereas the defendants are correct that this Amendment precludes the bringing of a lawsuit seeking monetary damages against the defendants in their official or representative capacities under § 1983, the plaintiff in this case has named the defendants in both their official and their individual capacities.

The distinction between official capacity suits and individual capacity suits was addressed by the United States Supreme Court in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). In Hafer, the Court made clear that a suit against a state official in his official capacity for

monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Id. Notwithstanding, a suit against a state official in his individual or personal capacity seeks to impose individual liability upon a government official for actions taken by the official under color of state law. Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit. Id. Accordingly, the plaintiff in this case is entitled to seek recovery of monetary damages against the defendants insofar as the defendants are sued in their individual capacities for actions taken by them which caused the alleged deprivation of the plaintiff's constitutional rights.

The defendants next contend that the plaintiff's claim relative to being sentenced to disciplinary segregation is barred by the United States Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The defendants are clearly wrong in this regard. in Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. The Supreme Court has applied the Heck analysis to claims made by prisoners challenging prison disciplinary proceedings that have resulted in a change to the prisoner's length of sentence, as where the prisoner has been sentenced to the loss of good time credits. Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). However, Heck is not categorically applicable to all suits challenging prison disciplinary proceedings or sentences.

In Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004), a prisoner filed a § 1983 action against a prison official, alleging that the official had charged him with a disciplinary violation in retaliation for prior lawsuits and grievance proceedings which the prisoner had filed against the prison official. The United States Supreme Court reversed a determination of the intermediate appellate court that the plaintiff's claim was barred by Heck. Specifically, the Court held that, inasmuch as the district court expressly found that no good time credits were affected by the actions challenged in the lawsuit, the prisoner's § 1983 claims could not be

"construed as seeking a judgment at odds with his conviction or with the States' calculation of time to be served in accordance with the underlying sentence". Muhammad v. Close, supra. The same is true in the instant case. In connection with the disciplinary sentence levied against him, the plaintiff was sentenced to a working cellblock, which sentence did not result in the loss of good time credits or otherwise have any effect upon the length of his confinement. Consequently, Heck can have no application in the instant case.

The defendants next suggest that the plaintiff's claims are subject to dismissal because he "does not state that the actions taken on behalf of defendants were intentional or were made with deliberate and callous indifference to plaintiff's constitutional rights, which allegation is an essential and necessary element of a § 1983 claim." To the contrary, however, the plaintiff's claim in this proceeding is essentially one of retaliation in response to the plaintiff's exercise of constitutional rights. By definition, a claim of retaliation involves an assertion by the plaintiff that the defendants acted in direct and intentional response to the plaintiff having taken some action of which the defendants disapproved. Accordingly, by asserting a claim of retaliation, the plaintiff has necessarily asserted a claim of intentional conduct undertaken by the defendants, see Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005)("Retaliation is, by definition, an intentional act."). Accordingly, the defendants' assertion in this regard is without merit and should be rejected.

The defendants next contend that the plaintiff is not entitled to recover compensatory damages for mental anguish and emotional distress. Specifically, the defendants contend that, "there is no cause of action under the United States Constitution or the Civil Rights Act" for these damages. As written, this is an incorrect and over-broad statement of the law. Notwithstanding, the law is clear that, in the absence of a showing of physical injury, an inmate plaintiff asserting a claim under 42 U.S.C. § 1983 is not entitled to recover damages for mental or emotional injuries. 42 U.S.C. § 1997e(e). Accordingly, inasmuch as the plaintiff has failed to allege any physical injury in this case, which he concedes in his opposition to the defendants' motion, the defendants are correct that recovery of such damages is precluded.

In a related argument, the defendants also contend that the plaintiff cannot recover punitive damages against them. In this regard, while the defendants are correct that the plaintiff may not recover punitive damages from a governmental entity or from a state employee acting in his official

capacity, a plaintiff is allowed to recover punitive damages from a state employee who, acting in his individual capacity and under color of state law, has violated the plaintiff's constitutional rights, provided that the plaintiff proves that the defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of the plaintiff.  Campbell v. Miles, 228 F.3d 409 (5th Cir. 2000); Sockwell v. Phelps, 20 F.3d 187 (5th Cir. 1994).  Accordingly, were the plaintiff's claims to proceed to trial, he would be entitled to seek such damages against the defendants.

Turning to a substantive review of the plaintiff's claims against the defendants in their individual capacities, the Court notes that although the plaintiff has named Secretary James LeBlanc, Warden Burl Cain, Dpty Warden Darryl Vannoy, Ass't. Warden Tim Delaney and Legal Programs Director Trish Foster as defendants herein, the plaintiff has failed to allege sufficient connexity between the actions of these defendants and the alleged constitutional violations complained of.[2]  Pursuant to well-settled legal principles, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing an alleged deprivation of constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756, at 768 (5th Cir. 1983).  In the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.  Lozano v. Smith, supra.  Any allegation that these defendants are responsible for the actions of their subordinates or co-employees is insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears

---

[2] Although the defendants do not make this argument in their motion, this Court is authorized, pursuant to 28 U.S.C. § 1915(e), to dismiss an action or claim brought in forma pauperis if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed.  Green v. McKaskle, supra.

that the plaintiff has made no allegations that defendants LeBlanc, Cain, Vannoy, Delaney or Foster took any actions which may be characterized as violations of the plaintiff's constitutional rights. Although the plaintiff alleges that these defendants had supervisory authority over the prison and over subordinate officers, he makes no assertion that any of these defendants participated directly or personally in the harassment, searches or disciplinary proceedings of which he complains. Accordingly, it is clear that the plaintiff has failed to allege the requisite personal participation by these defendants in the violations alleged. Further, to the extent that the plaintiff complains that these defendants failed to take remedial action to address his concerns when advised of same through letters or administrative grievances or failed to respond appropriately to his administrative remedy proceedings and disciplinary appeal, the law is clear that the plaintiff is not constitutionally entitled to an investigation of his complaints and administrative grievances or to a beneficial response thereto. Specifically, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

Accordingly, the plaintiff's claim regarding the alleged failure of defendants LeBlanc, Cain, Vannoy, Delaney or Foster to properly investigate or respond to his complaints, administrative grievance or disciplinary appeal is without legal foundation and must be dismissed.

Turning to the plaintiff's claims asserted against the remaining defendants, the plaintiff essentially alleges that defendant Harold Sterling became angry at the inmate counsel substitutes at LSP in early 2007 and, over time thereafter, directed his subordinates to conduct searches of the inmate counsel substitute offices. According to the plaintiff, these searches were conducted in order to harass and intimidate the inmate counsel substitutes. When the plaintiff complained of these searches, he was charged with a false and retaliatory disciplinary report and was thereafter found guilty and punished therefor.

The law is well-settled that prison officials are not allowed to retaliate against or harass an inmate because of the inmate's exercise of his right to seek access to the courts, i.e., because the

inmate has complained to supervisors about the alleged wrongful conduct of prison security officers. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). However, although prisoners enjoy a well-recognized right to complain to supervisors of their jailers' wrongful conduct, this right is limited to the making of non-frivolous complaints involving the assertion of legitimate constitutional rights. As stated in Johnson v. Rodriguez, 110 F.3d 299 (5th Cir. 1997):

> This right of access for prisoners is not unlimited, however; rather, it encompasses only "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." [Citation omitted].... Thus, neither any frivolous filings nor any secondary litigation activity, i.e., legal research and writing that does not involve preparation of lawsuits challenging ... the conditions of his or her confinement, may comprise the basis of a retaliation claim.

110 F.3d at 310-11 (emphasis added). See also Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996); Woods v. Smith, 60 F.3d. 1161 at 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). The plaintiff bears the burden of showing that his grievance activities have involved the assertion of constitutionally cognizable claims. Johnson v. Rodriguez, supra, 110 F.3d at 311 n. 16. Further, the inmate must produce direct evidence of retaliatory motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. Woods v. Smith, supra. Finally, in order to sustain a showing of a constitutional violation, the plaintiff must allege more than a de minimis or inconsequential "retaliatory adverse act". " Morris v. Powell, 449 F.3d 682 (5th Cir.), cert. denied, 549 U.S. 1038, 127 S.Ct. 596, 166 L.Ed.2d 443 (2006). In other words, he must allege an adverse act that "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. Id.

In light of the foregoing, the Court will examine the referenced searches and resulting disciplinary charges to determine whether the plaintiff has alleged a constitutional violation with respect thereto.

The plaintiff's allegations relative to the first three searches, conducted on May 11, 2007, in October or November, 2007, and on January 11, 2008, are easily dispensed with and clearly fail to state claims of constitutional dimension. The first search, undertaken apparently before the

plaintiff was assigned to the inmate counsel substitute office, did not result in any harm or detriment to him. Accordingly, inasmuch as the plaintiff lacks standing to complain of alleged constitutional violations affecting co-inmates, Coon v. Ledbetter, 780 F.2d 1158 (5th Cir. 1986), the plaintiff's complaint relative to this search is not properly before the Court. As for the second search, this is likewise not a claim that implicates the plaintiff's constitutional rights. As conceded by the plaintiff, no disciplinary charges were levied against any inmate as a result of this search, and the most that the plaintiff alleges relative to this incident is that the inmate counsel substitute office was "ramshackled" as a result thereof. This retaliatory act, however, would be seen to be merely de minimis in the absence of any disciplinary write-ups or actual punishment. Howell v. Quarterman, 2008 WL 4724486 (S.D. Tex., October 24, 2008) (holding that alleged retaliatory search did not result in an adverse act that was more than de minimis, relying upon Morris v. Powell, supra). See also Green v. Hamilton, 2007 WL 2815643 (W.D. Tex., Sept. 25, 2007) (alleged retaliatory search was not actionable because not greater than de minimis); Ali v. Jones, 2007 WL 2141381 (S.D. Tex., July 19, 2007)(same). Finally, as to the third search, which apparently resulted in a disciplinary charge being levied against the plaintiff for "contraband", the plaintiff does not allege that, as of the date of the search, he had lodged any complaints whatever against security officers or made any complaints relative to their conduct. To the contrary, pursuant to the allegations of his Complaint, it was only after this third search that the plaintiff, "begin [sic] drawing up a complaint to Asst. Warden Delaney and Ms. Trish Foster on Lt.Col. Sterling abusing his authority by harassing and intimidating inmate counsels." Accordingly, this search and its resulting disciplinary charge cannot be seen to have been levied against the plaintiff in retaliation for his having engaged in complaint or grievance activities. And to the extent that the plaintiff asserts that the search was conducted in retaliation for his having merely actively pursued his duties as an inmate counsel substitute on behalf of co-inmates, this assertion is not one of constitutional dimension and cannot form the basis for a retaliation claim under § 1983. See Tighe v. Wall, 100 F.3d 41 (5th cir. 1996)(holding that an inmate's claim of retaliation for having acted as an inmate counsel, "fail[s] to demonstrate a violation of a constitutional right").[3]

---

[3] Although the plaintiff asserts that the harassing and intimidating conduct of defendant Sterling in ordering searches of the inmate counsel's offices give rise to both a retaliation claim under the First Amendment and to a cruel-and-unusual-punishment claim under the Eighth

Finally, the plaintiff alleges that after he sent his grievance letter to prison officials in January, 2008, complaining of the searches conducted at the behest of defendant Harold Sterling, the plaintiff's locker box was searched on January 25, 2008, and he was set up with a false and retaliatory disciplinary charge, accusing him of being in possession of a handcuff key.  Thereafter, prison disciplinary proceedings were conducted, during which he allegedly was not provided with appropriate due process protections, and he was ultimately found guilty and sentenced to a transfer to a maximum security working cellblock at LSP.  Upon a careful review of the plaintiff's claims in this regard, the Court concludes that this claim fails to rise to the level of a constitutional violation and, so, should be dismissed.

Addressing first the plaintiff's claim that he was charged and punished in connection with a false disciplinary report, the law is clear that allegations that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit or of which he is innocent do not amount to a denial of due process.  See Collins v. King, 743 F.2d 248 (5th Cir. 1984).  Further, even if procedural rules were not scrupulously adhered to in this case, as the plaintiff suggests, the United States Supreme Court has held that prison disciplinary proceedings fail to implicate a constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical, significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate.  Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  In Sandin, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim.  In the instant case, similarly, the plaintiff's disciplinary sentence, of a transfer to maximum security confinement, did not result in an atypical and significant deprivation in the context of prison life.  Accordingly, the plaintiff's claim in this regard fails to rise to the level of a constitutional violation.

Notwithstanding the foregoing, although the filing of false disciplinary charges against an

---

Amendment, the plaintiff is incorrect with respect to the latter.  Pursuant to well-settled jurisprudence, allegations of verbal abuse, harassment and intimidating conduct alone do not present claims under § 1983.  "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation."  McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); Burnette v. Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973).

inmate is not a violation of the inmate's constitutional rights, the filing of such charges in retaliation for the inmate's exercise of his constitutional rights is itself a violation of his constitutional rights. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986).  As previously noted, however, the retaliation must be in response to one or more non-frivolous complaints involving the assertion of legitimate constitutional rights, Johnson v. Rodriguez, supra. It appears clear in this case that the plaintiff has failed to sufficiently allege the non-frivolous nature of his prior complaints.  Specifically, although the plaintiff claims that he was retaliated against because of his activities as an inmate counsel substitute and because of the written complaint letter which he authored in January, 2008, wherein he complained of the harassment and searches conducted upon the orders of defendant Sterling, this Court has already concluded, above, that the plaintiff had no constitutional right to complain regarding these searches or harassment, which were directed at the plaintiff solely because of his actions as an inmate counsel substitute. Tighe v. Wall, supra.  Therefore, his written complaint letter regarding same was frivolous as a matter of law and cannot form the basis for a constitutional retaliation claim under § 1983. Id.  For this reason, the Court recommends dismissal of this retaliation claim as well.

Finally,  the defendants pray for an award of reasonable attorney's fees and costs incurred in defending the present action, as provided in 42 U.S.C. § 1988.  In Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), the United States Supreme Court recognized that the assessment of attorneys' fees against a losing party/plaintiff in an action brought pursuant to 42 U.S.C. § 1983 may unfairly burden the plaintiff's ability to seek redress of his grievances for violations of his constitutional rights. The Court went on to state, relying on Christiansburg Garment Co. V. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), that this concern "appl[ies] with special force in actions initiated by uncounseled prisoners."  As stated in Hughes:

> Faithful adherence to the principles of Haines v. Kerner dictates that attorney's fees should rarely be awarded against such plaintiffs.  The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees.  An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.  As the Court noted in Christiansburg, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.

Hughes v. Rowe, supra (emphasis added).  Accordingly, prevailing defendants are entitled to

attorney's fees only when the plaintiff's claims are found to be frivolous, unreasonable, groundless or without foundation.  Id.  The fact that a plaintiff's claim received careful consideration by the district court may properly be taken into account in determining whether the claim was frivolous. Jones v. Texas Tech University, 656 F.2d 1137 (5th Cir. 1981), citing Hughes v. Rowe, supra.  In the instant case, a resolution of the issues turned upon a thorough review of the arguments made by both parties.  The fact that the defendant has ultimately "prevailed" is but one factor to be considered.  In the instant case, the Court finds that the plaintiff's claims were neither groundless nor without foundation.  Accordingly, an award of attorney's fees is not warranted.

## RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss, rec.doc.no. 15, be granted, dismissing the plaintiff's claims against the defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on March 1, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**